1  LAZARO SALAZAR (SBN 234183)
   lazaro@lazarosalazarlaw.com
2  LAZARO SALAZAR LAW, INC.
3  252 N Fulton St
   Fresno, CA 93701
4  Telephone: (559) 498-0828
   Facsimile: (559) 498-0822
5

6  ARA JABAGCHOURIAN (SBN 205777)
   ara@arajlaw.com
7  LAW OFFICE OF ARA JABAGCHOURIAN
   1650 S. Amphlett Boulevard, Suite 216
8  San Mateo, CA 94402
   Telephone: (650) 437-6840
9  Facsimile: (650) 403-0909

10

11 *Attorneys for Plaintiffs*

                    UNITED STATES DISTRICT COURT
12
                    EASTERN DISTRICT OF CALIFORNIA
13

14

15
   **RUBIA ROSAURA SERNA (DOB**          CASE NO.
16 **xx/xx/1946),** individually, **LAURA**
   **QUINTANA,** individually, **FRANCISCO**   **COMPLAINT FOR DAMAGES**
17 **J. SERNA,** individually, **RUBIA**
   **ROSAURA SERNA (DOB xx/xx/1965),**      1.  **4th Amendment - Excessive Force**
18 individually, **JESUS SERNA,** individually      **(42 U.S.C. § 1983)**
   and **ROGELIO SERNA,** individually,   2.  **Negligence (Wrongful Death)**
19                                         3.  **Battery (Wrongful Death)**
                    **Plaintiffs,**        4.  **Municipal Liability – Inadequate**
20 vs.                                         **Training (42 U.S.C. § 1983)**
                                           5.  **Municipal Liability – Unconstitutional**
21 **CITY OF BAKERSFIELD,**                    **Custom, Practice, or Policy**
   **REAGAN SELMAN,** individually and         **(42 U.S.C. § 1983)**
22 **DOES 1 - 25,**                        6.  **Bane Act (CA Civ. Code § 52.1)**

23                  **Defendants.**

24                                             **DEMAND FOR JURY TRIAL**

25

26

27

28
─────────────────
Law Office of
Ara Jabagchourian   **COMPLAINT**

1 COMES NOW Plaintiffs, RUBIA ROSAURA SERNA (DOB XX/XX/1946), individually,

2 LAURA QUINTANA, individually, FRANCISCO J. SERNA, individually, RUBIA ROSAURA

3 SERNA (DOB XX/XX/1965), individually, JESUS SERNA, individually and ROGELIO

4 SERNA, individually, for their Complaint against defendants City of Bakersfield, Reagan

5 Selman, and Does 1-25, and allege as follows.

## I.

## INTRODUCTION

1. On the evening of December 12, 2016, at approximately 12:40 a.m., officers from the Bakersfield Police Department were called out regarding a man, Francisco Serna, age 73, wandering around his neighborhood. Francisco Serna had been diagnosed with dementia, which was known by the City of Bakersfield's Police Department from prior calls related to Mr. Serna. Despite this knowledge, City of Bakersfield's Police Department officers, including Defendant Reagan Selman, approached, shot and killed Mr. Serna, despite him being unarmed.

2. This civil rights and state tort action seeks compensatory and punitive damages from defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' husband and father, Francisco Serna, on December 12, 2016.

## II.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because defendants reside in this district and all incidents, events and occurrences giving rise to this action occurred in this district.

## III.

## PARTIES

5.  Plaintiffs Rubia Rosaura Serna (DOB XX/XX/1946), Laura Quintana, Francisco J. Serna, Rubia Rosaura Serna (DOB XX/XX/1965), Jesus Serna and Rogelio Serna (collectively "Plaintiffs") are the wife and children of Francisco Serna, and reside in Kern County where the incident complained of occurred.

6.  At all relevant times, defendant City of Bakersfield ("City") is and was a governmental entity existing under the laws of the State of California. City is a chartered subdivision of the State of California with the capacity to be sued. City is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Bakersfield Police Department ("BPD") and its agents and employees. At all relevant times, defendant City was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the BPD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, City was the employer of defendants Reagan Selman and Does 1-25.

7.  At all times herein mentioned, defendant Reagan Selman ("Selman") was an officer with BPD and in doing the things hereinafter alleged, acted under color of law within the course and scope of his employment. He is being sued in his individual capacity.

8.  Defendants Does 1-10 are officers for the BPD. In doing the things hereinafter alleged, said Doe defendants acted under color of law within the course and scope of their employment with the BPD. Also at all relevant times, said Doe defendants were acting with the complete authority and ratification of their principal, defendant City.

/////

9. Defendants Does 11-15 are supervisory officers for the BPD who, in doing the things hereinafter alleged, were acting under color of law within the course and scope of their duties as officers for the BPD. Does 11-15 were acting with the complete authority and ratification of their principal, defendant City.

10. Defendants Does 16-20 are managerial, supervisorial and policy-making employees of the BPD, who, in doing the things hereinafter alleged, were acting under the color law within the course and scope of their duties as managerial, supervisorial and policy-making employees for the BPD. Does 16-20 were acting with the complete authority and ratification of their principal, defendant City.

11. In doing the acts and failing and omitting to act as hereinafter described, defendants Reagan Selman and Does 1-20 were acting on the implied and actual permission and consent of their co-defendants.

12. The true names and capacities, whether individual, corporate, association or otherwise of defendants Does 1-25 are unknown to Plaintiff, who otherwise sues these defendants by such fictitious names. Plaintiff may seek leave to amend this Complaint to show the true names and capacities of these defendants when they have been ascertained and when new information comes to light. Each of the fictitiously-named defendants is responsible in some manner for the conduct or liabilities alleged herein.

13. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

14. All of the acts complained of herein by Plaintiff against defendants were done and performed by said defendants by and through their authorized agents, servants, and/or employees, all of whom were, at all relevant times, acting within the course, purpose and scope of said agency, service and/or employment capacity. Moreover, defendants and their agents ratified all of the acts complained of herein.

15. Does 1-25 are sued in their individual capacity.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. On December 12, 2016, defendant BPD received complaints regarding an armed man roaming the neighborhood on the 7900 block of Silver Birch Avenue. BPD received a call regarding a man with a gun from 7912 Silver Birch Avenue, Bakersfield, California. Defendant BPD, through their deputy sheriffs, including defendant Selman, responded to the call at approximately 12:40 a.m.

18. After being approached by officers, Mr. Serna was shot 6-7 times by Selman. Despite the allegations that Mr. Serna had a gun, no such weapon was seen or located.

19. On or about November 14, 2016 and November 25, 2016 and November 28, 2016 and December 3, 2016, Bakersfield Police were called and responded to the residence of Francisco Serna on each and every request for assistance. During at least one of these incidents, the responding officer asked "Is he the person with dementia?" In addition, on December 12, 2016 (the date of the fatal incident), the BPD Communications Center added a hazard notification to the dispatching officer(s): "HAZARD IS – HOMEOWNER FRANCISCO SERNA DOB XXXX43 [redacted] HAS DEMENTIA AND IF NEEDED CONTACT FAMILY MEMBER/DAUGHTER LAURA QUINTANA DOB [redacted] CELL PH [redacted]". According to their own BPD report, the responding Patrol Unit acknowledged that this was the same subject and none-the-less proceeded to fatally shoot Francisco Serna. Note: the Date of Birth (DOB) for Francisco Serna quoted above was only redacted for federal filing purposes pursuant to Fed. R. Civ. P. 5.2. Mr. Serna's actual DOB is listed in the BPD report.

20. Plaintiffs incurred funeral and burial expenses as a result of defendants' misconduct. They have also been deprived of the assistance decedent provided in the maintenance of their residence and seek damages for his wrongful death.

21. On May 19, 2017, Plaintiffs presented the required Liability Claim Against the City of Bakersfield.

22. On May 24, 2017, the City of Bakersfield rejected Plaintiffs' claim.

**V.**

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**

**(Against All Defendants)**

23. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

24. Defendants Selman and Does 1-15 used excessive force against decedent by shooting him multiple times despite being unarmed, in his 70s, and posing no threat to the officers or the public.  In so doing, decedent was deprived of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

25. Decedent was shot multiple times and died as a result, resulting in the wrongful death of decedent.

26. The conduct of defendants and each of them was willful, wanton, malicious and done with reckless disregard for the rights and safety of decedent, and therefore warrants the imposition of exemplary and punitive damages as to defendants and each of them.

27. The shooting was excessive and unreasonable, especially because decedent posed no immediate or remote threat of death or serious bodily injury at the time of the incident.  Further, defendants' use of deadly force violated their training and standard police officer and/or deputy sheriff training.

/////

/////

**SECOND CLAIM FOR RELIEF**

**Negligence**

**(Wrongful Death)**

**(Against all Defendants)**

28. Plaintiffs repeat and re-allege each and every allegation in paragraph 1 through 27 of this Complaint with the same force and effect as if fully set forth herein.

29. Police officers, including defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics giving appropriate commands, giving warnings and not using any force unless necessary, using less than lethal options and only using deadly force as a last resort.

30. Defendants Selman and Does 1-20 breached this duty of care. Upon information and belief, the actions and inactions of defendants Does 1-20 were negligent and reckless, including, but not limited to:

    (a)    The failure to properly and adequately assess the need use deadly force against decedent;

    (b)    The negligent tactics and handling of the situation with Plaintiff and decedent, including pre-shooting negligence;

    (c)    The negligent use of deadly force against decedent;

    (d)    The failure to properly train and supervise employees, both professional and non-professional, including defendant Selman and Doe defendants;

    (e)    The failure to ensure adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff and decedent;

    (f)    The negligent handling of evidence, witnesses and Plaintiff; and

    (g)    The negligent communication of information during the incident.

/////

/////

Law Office of
Ara Jabagchourian

COMPLAINT

6

31. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, decedent was fatally shot. Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs have been deprived of the love, companionship, comfort, support, society, care and sustenance of decedent and will continue to be so deprived for the remainder of her natural life, entitling her to wrongful death damages.

32. City is vicariously liable for the wrongful acts of defendants Selman and Does 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees acting within the course and scope of their employment if the employee's act would subject him or her to liability.

### THIRD CLAIM FOR RELIEF

**Battery**

**(Wrongful Death)**

**(Against Defendants City, Selman and Doe Police Officers)**

33. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. While working as officers for the BPD, and acting within the course and scope of their duties, defendants Selman and Does 1-10 intentionally shot decedent multiple times and used unreasonable and excessive force against him. As a result of the actions of defendant Selman and Does 1-10, decedent died from multiple gunshot wounds to his body. Selman and Does 1-10 had no legal justification for using force against decedent and their use of force while carrying out their duties was an unreasonable and unprivileged use of force.

/////

/////

/////

35. City is vicariously liable for the wrongful acts of defendants Selman and Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

36. The conduct of Selman and Does 1-10 was malicious, wanton, oppressive and accomplished with a conscious disregard for the rights of Plaintiffs and decedent, entitling Plaintiffs to an award of exemplary and punitive damages as to defendants.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Inadequate Training

### (Against Defendants City and Does 11-20)

### (42 U.S.C. § 1983)

37. Plaintiffs repeat and re-allege each and every allegation in paragraph 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38. Defendants City and Does 11-20 acted under color of law in doing the things herein alleged.

39. The acts of defendants City and Does 11-20 deprived decedent and Plaintiffs of their particular rights under the United States Constitution.

40. The training policies of defendant City were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

41. Defendants City and Does 11-20 were deliberately indifferent to the obvious consequences of its failure to train its deputy sheriffs adequately.

42. The failure of defendants City and Does 11-20 to provide adequate training caused the deprivation of Plaintiffs' rights by defendants Selman and Does 1-10  – that is, defendants' failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

/////

43. On information and belief, defendant City and Does 11-20 failed to train Selman and Does 1-10 properly and adequately.

44. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society and past and future support of decedent. The aforementioned acts and omissions also caused decedent's death.

45. Accordingly, defendants City and Does 11-20 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional**

**Custom, Practice, or Policy**

**(42 .S.C. § 1983)**

**(Against Defendants City and Does 11-20)**

46. Plaintiffs repeat and re-allege each and every allegation in paragraph 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. Defendants Selman and Does 1-15 acted under color of law.

48. Defendants Selman and Does 1-15 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of defendant City.

49. On information and belief, defendants Selman and Does 1-15 were not disciplined, reprimanded, retrained, suspended or otherwise penalized in connection with decedent's death.

50. Defendants, together with other City policymakers and supervisors, maintained, *inter alia*, the following unconstitutional customs, practices and policies:

    (a)     Using excessive force, including excessive deadly force;

/////

/////

/////

(b)    Providing inadequate training regarding the use of deadly force; employing and retaining as police officers individuals such as defendants Selman and Does 1-10, whom defendant City at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(c)    Inadequately supervising, training, controlling, assigning and disciplining City officers and other personnel – including defendants Selman and Does 1-10 – whom defendant City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(d)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by City officers, defendants Selman and Does 1-10;

(e)    Failing to adequately discipline City police officers – including defendants Selman and Does 1-10 – for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct and other inadequate discipline tantamount to encouraging misconduct;

(f)    Encouraging, accommodating or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other deputy sheriffs' errors, misconduct or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the deputy being questioned will claim ignorance of the other officers' wrongdoing.

/////

/////

   (g)  Maintaining a policy of inaction and an attitude of indifference toward soaring numbers of police shootings and beatings, including by failing to discipline, retrain, investigate, terminate and recommend deputy sheriffs for criminal prosecution who participate in shootings and beatings of unarmed people.

51. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society and past and future support of decedent. The aforementioned acts and omissions also caused decedent's loss of life.

52. Defendants City and Does 11-20, together with various other officials – whether named or unnamed – had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above, these defendants condoned, tolerated and, through actions and inactions, thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of decedent, Plaintiffs and other individuals similarly situated.

53. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant Selman and Does 1-10 acted with intentional, reckless and callous disregard for the life of decedent and for decedent's and Plaintiffs' constitutional rights. Furthermore, the policies, practices and customs implemented, maintained and still tolerated by defendants City and Does 11-20 were affirmatively linked to and were a significantly influential force behind the injuries to decedent and Plaintiff.

54. Accordingly, defendants City, Selman and Does 1-20 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

/////

Law Office of
Ara Jabagchourian

COMPLAINT                          11

# SIXTH CLAIM FOR RELIEF

## Bane Act (CA Civ. Code § 52.1)

55. Plaintiffs repeat and re-allege each and every allegation in paragraph 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56. In performing the actions alleged above, defendants, and each of them interfered by threats, intimidation, violence or coercion with Plaintiffs' exercise or enjoyment of rights secured by the Constitution or laws of the United States and/or the right secured by the Constitution or laws of the State of California. These laws, include, but are not limited to, the first, fourth and fourteenth amendments to the United States Constitution, Article 1, sections 1, 2, 13 and 17 of the California Constitution, and California Civil Code § 43.

57. Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to violate Plaintiffs' civil rights. The deputy sheriffs at the scene conspired to injure Plaintiff.

58. As a direct and proximate result of defendants' conduct, as alleged herein, Plaintiffs suffered fright, shock, pain, suffering and/or extreme mental anguish. Accordingly, she has suffered past and future general damages in amounts to be determined by proof at trial.

59. Through their conduct, the individual police officers acted maliciously and oppressively, in willful and conscious disregard for Plaintiffs' rights and safety and with the sole intent to harm them through the death of their father or husband. Plaintiffs are therefore entitled to punitive or exemplary damages from the individual police officers' in an amount to be determined by proof at trial.

60. As a proximate cause of the defendants' conduct, Plaintiffs are incurring attorney's fees.

/////

/////

1    61. Defendants' violation of Plaintiffs' rights as guaranteed by California Civil Code

2         section 52.1, which entitles Plaintiff to compensatory and punitive damages, treble

3         damages, as well as attorney's fees, all of which are provided for in California Civil

4         Code sections 52, *et seq.*, and are requested herein.

5    62. Defendant City is vicariously liable for the conduct of the individual defendants

6         pursuant to California Government Code § 815.2.

7

8                                              **VI.**

9                              **PRAYER FOR RELIEF**

10        WHEREFORE, Plaintiffs request entry of judgment in their favor and against defendants

11   City of Bakersfield, Reagan Selman and DOES 1 – 25 as follows:

12            A.  For compensatory damages in whatever amount may be proven at trial,

13   including emotional distress and wrongful death damages under federal and state law;

14            B.  For funeral and burial expenses and loss of financial support;

15            C.  For punitive damages against the individual defendants in an amount to be

16   proven at trial;

17            D.  For statutory damages;

18            E.  For interest;

19            F.  For reasonable attorney's fees, including litigation expenses;

20            G.  For costs of suit; and

21            H.  For such further other relief as the Court may deem just, proper and

22   appropriate.

23   /////

24   /////

25   /////

26   /////

27   /////

28

Law Office of
Ara Jabagchourian

**COMPLAINT**                                                                                      13

Date: September 27, 2017

**LAZARO SALAZAR LAW, INC.**

By:    /s/ Lazaro Salazar
           LAZARO SALAZAR
           *Attorney for Plaintiffs*

**LAW OFFICE OF ARA JABAGCHOURIAN**

By:    /s/ Ara Jabagchourian
           ARA JABAGCHOURIAN
           *Attorney for Plaintiffs*

### VII.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Dated: September 27, 2017

**LAZARO SALAZAR LAW, INC.**

By:    /s/ Lazaro Salazar
           LAZARO SALAZAR
           *Attorney for Plaintiffs*

**LAW OFFICE OF ARA JABAGCHOURIAN**

By:    /s/ Ara Jabagchourian
           ARA JABAGCHOURIAN
           *Attorney for Plaintiffs*